UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MONTE ROYALL,<br><br>*Plaintiff,*<br><br>v.<br><br>ECKERD YOUTH ALTERNATIVES, INC.<br>*doing business as* ECKERD CONNECT,<br><br>*Defendant*. | Civil Action No. 25-03601 (AHA) |

**Memorandum Opinion**

Charles Monte Royall sues his former employer, Eckerd Youth Alternatives, alleging it fired him because of his race and age. Eckerd moves to dismiss Royall's complaint for failing to state a claim. The court grants the motion to dismiss.

**I.   Background[1]**

Royall, a Black man in his seventies, worked as finance administration director at one of Eckerd's centers in D.C. ECF No. 1 at 1, 3, 7, 10. According to the complaint, the center's executive director, Carl Hillard, fired Royall on the grounds that he was "sleeping on the job." *Id.* at 2, 10. Royall alleges Hillard made this decision after another Eckerd employee, Thomas Mattingly, reported to Hillard that he had observed Royall "sleeping on the job several times," including during meetings. *Id.* at 2; ECF No. 1-6 at 2. Royall alleges that this was false and neither

---

[1] As required at this stage, the court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in Royall's favor. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). The court considers not only the facts alleged in Royall's pro se complaint but also those he presented in opposing Eckerd's motion to dismiss. *See Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024).

Hillard nor Mattingly had "clear undisputable proof" that Royall was sleeping on the job. ECF No. 1 at 2.

Much of the complaint's allegations describe Mattingly's treatment of other employees. The complaint describes instances in which Mattingly terminated or criticized the work of other employees, who are also Black and who Royall believed should not have been terminated or had their work criticized. *Id.* at 4–6; ECF No. 1-6 at 1–4, 6. The complaint also describes an employee who Mattingly treated well, who was white and who Royall believed was unqualified and should have been terminated. ECF No. 1 at 6–7; ECF No. 1-5. The complaint also alleges certain interactions between Mattingly and Royall. Several involve instances in which Royall disagreed with Mattingly's judgment, took issue with Mattingly's instructions, or disputed Mattingly's assumptions, including an instance in which Mattingly reprimanded Royall for not maintaining an inventory system for the cafeteria. ECF No. 1 at 6; *see also* ECF No. 1-6 at 1–2, 4–5. In another instance, Mattingly expressed support for President Trump and criticized President Biden, even though Royall believed talking politics was "something you never do in the workplace." ECF No. 1-6 at 5. In a third, Mattingly asked Royall why he was continuing to work at his age and told Royall that he (Mattingly) felt ready to retire at age 68. ECF No. 1 at 3–4. Mattingly also said Royall had "a very big job," which Royall understood as a comment that he was too old for the job. *Id*. at 4.

The complaint alleges that after Hillard was told Royall had been sleeping on the job and in meetings, he met with Royall and did not initially fire him. *Id*. at 3. Royall was later fired based on the report that he had been sleeping on the job. *Id.* at 2, 10; ECF No. 1-6 at 3; ECF No. 30 at 5. Eckerd hired a younger person to fill Royall's position. ECF No. 1 at 4; ECF No. 30 at 2. Royall alleges that his race and age were the real reason he was terminated. ECF No. 1 at 10.

Royall filed a charge with the Equal Employment Opportunity Commission, which issued a letter stating that it would "not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute" and notified Royall of his right to sue. ECF No. 1-3. Royall filed this pro se suit against Eckerd, asserting violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Eckerd moves to dismiss Royall's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]

## II.  Discussion

To survive dismissal for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of

---

[2]  Royall originally filed suit in the U.S. District Court for the District of Maryland, and Eckerd moved to dismiss for improper venue. That court denied the motion and transferred the case to this court. ECF No. 34 at 2. Eckerd also previously argued that Royall "failed to effectuate valid service." ECF No. 15-1 at 3. It has since disclaimed reliance on, and accordingly waived, that argument as a basis for dismissal. ECF No. 18 ¶ 12; *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n.8 (D.C. Cir. 1988) (recognizing that the defense of lack of service of process may be waived).

course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Here, Royall asserts a race discrimination claim under Title VII and an age discrimination claim under the ADEA. To state a claim, he must plausibly allege that Eckerd undertook (i) an adverse employment action (ii) because of his race or age. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). The D.C. Circuit has held that "an employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss." *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011). But a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). Here, Eckerd does not dispute Royall's race and age are protected by the statutes or that firing him was an adverse employment action. Eckerd argues that Royall fails to plausibly allege he was fired because of his race or age. The court accordingly considers the sufficiency of Royall's allegations in that respect.

### A. Royall Does Not Plausibly Allege He Was Fired Because Of His Race

The court agrees that Royall has not plausibly alleged that he was fired because of his race. As mentioned, most of Royall's allegations describe the way another Eckerd employee, Mattingly, treated other employees. This includes allegations that Mattingly terminated a finance employee who is Black, ECF No. 1 at 4; told Royall that he wanted to terminate two other employees who are Black, *id.* at 5; did not entertain the possibility of terminating a White employee, *id.* at 6–7;

4

and claimed that someone tried to damage the dishwasher in the cafeteria, where all but one of the workers were Black, ECF No. 30 at 8; ECF No. 1-6 at 6. Royall also describes one conversation in which Mattingly mentioned his support for President Trump and criticized President Biden. ECF No. 1-6 at 5; ECF No. 30 at 8.

These allegations fall short of plausibly alleging that Royall was terminated because of his race. First, while Royall alleges examples in which Mattingly had negative interactions with people who are Black and did not terminate one White employee, Royall does not allege specific facts supporting the inference that these interactions were because of race, offering only conclusory assertions that the interactions were based on racial animus. *See Iqbal*, 556 U.S. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

And second, even assuming Royall's allegations plausibly show Mattingly had interactions with employees that were motivated by race, the complaint does not allege facts supporting an inference that Royall himself was terminated because of his race. The complaint does not allege Mattingly held supervisory authority over Royall. *See Morris v. McCarthy*, 825 F.3d 658, 668 (D.C. Cir. 2016) (recognizing that an employer may be held liable for discriminatory acts of a direct supervisor, even when the supervisor is not the final decisionmaker (citing *Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011))). The complaint alleges that Hillard, the center's executive director, was the decisionmaker in terminating Royall. ECF No. 1 at 2; ECF No. 30 at 2. It does not specifically allege Mattingly's role in relation to Royall, aside from stating that Mattingly "did not work at" the same center as Royall and "was there to train" him. ECF No. 1 at 5. Royall also does not allege that Hillard knew or had reason to believe that Mattingly's complaint about Royall

5

sleeping on the job was motivated by race.[3] For these reasons, Royall's allegations about Mattingly do not support a plausible inference that he was terminated because of his race.

Nor does Royall allege facts to support the inference that Hillard, as the decisionmaker, fired Royall because of his race. The complaint's allegations regarding Hillard are thin and largely conclusory. The complaint describes one instance in which Hillard stated to a group of young students that he had gone to a "White University and did not graduate." ECF No. 1 at 3. Royall's briefing adds a conversation between Royall and Mattingly, in which Mattingly said Hillard once commented that he did not like two women employees because they were members of the sorority Alpha Kappa Alpha and graduated from a Historically Black College or University ("HBCU"). ECF No. 30 at 7. Royall asserts that "this clearly shows that Mr. Carl Hillard may have a bias against woman [sic] and HBCU" and that Hillard would not have liked that Royall also graduated from an HBCU. *Id.* But these limited allegations cannot support a plausible inference that Hillard fired Royall because of his race.[4]

---

[3]  Multiple circuits have recognized that an employer may properly be held liable for the acts of non-supervising coworkers where the employer "acts negligently by allowing the co-worker's acts to achieve their desired effect though it knows (or reasonably should know) of the discriminatory motivation." *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 274 (2d Cir. 2016); *Velazquez-Perez v. Developers Diversified Realty Corp.*, 753 F.3d 265, 274 (1st Cir. 2014); *cf. Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) ("To establish liability when a plaintiff is harassed by *his or her co-workers*, the plaintiff must prove that the employer was at least negligent in not preventing or correcting the harassment.").

[4]  To the extent Royall asserts discrimination can be inferred based on a comparator theory, his allegations fall short. As noted, the complaint alleges that Mattingly "would not entertain the possibility of terminating" a White employee who Royall believed was unqualified for her role. ECF No. 1 at 6–7; ECF No. 1-5 at 1–4; ECF No. 1-6 at 1. To survive dismissal on that theory, a plaintiff must provide factual allegations "showing the comparators are in fact 'similarly situated' in some meaningful respect" such that they can "provide a benchmark" against which the court can "plausibly infer that discrimination caused the defendant's differential treatment of the plaintiff." *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 531 (D.C. Cir. 2025). It is not enough "to simply allege that the plaintiff was treated differently from a 'similarly situated' comparator." *Id.* Here, Royall does not allege facts showing that Williams was similarly

**B. Royall Does Not Plausibly Allege He Was Fired Because Of His Age**

Royall has also failed to plausibly allege that he was fired because of his age. Here, too, Royall's allegations focus on Mattingly's conduct and, in particular, an occasion where Mattingly asked Royall about his desire to continue working at his age. Royall alleges Mattingly asked why he "was working and wanted to continue to work" and then told Royall "I am 68 years old and it is time for me to retire." ECF No. 1 at 3–4. According to the complaint, Mattingly also described Royall's role as "a very big job," which Royall describes as an "explicit" statement that Mattingly believed Royall was too old for his role. *Id.* at 4.

These allegations do not plausibly support the inference that Royall was fired because of his age. To begin with, while the statements suggest that Mattingly was interested in Royall's age, they do not show Mattingly harbored bias based on Royall's age. *See Sagar v. Mnuchin*, 305 F. Supp. 3d 99, 110 (D.D.C. 2018) (concluding that a supervisor's inquiries about age and comment that the plaintiff was old and experienced "certainly do not constitute direct evidence of age-based animus"), *aff'd*, No. 18-cv-05183, 2019 WL 667201 (D.C. Cir. Jan. 29, 2019). Moreover, as previously described, Royall has not alleged Mattingly held a supervisory role in relation to Royall or that Hillard, the decisionmaker, knew or had reason to know that Mattingly harbored age bias.

Finally, although Royall alleges he "was replaced by a younger man," ECF No. 30 at 2, Royall does not allege any facts about the qualifications of the man who replaced him, let alone specific allegations showing this replacement was less qualified than him. *See Joyner*, 140 F.4th

---

situated in role or qualifications. *See id.* at 532–33 (affirming dismissal of claims based on a comparator theory where allegations did not show the plaintiff and comparators "worked in the same position in a meaningful sense" and did not "allege that the same supervisor or supervisors were responsible"). To the contrary, Royall's allegations suggest the comparator was his subordinate and not similarly situated to Royall. *See* ECF No. 1 at 9–10 (describing the comparator as one of Royall's employees); ECF No. 30 at 3 (describing the comparator as "report[ing] to him").

at 532 (concluding that the plaintiff had not alleged sufficient facts to show that he was similarly situated to comparators where "the complaint includes no information about the other attorneys' experience or qualifications relative to" the plaintiff's); *Webster v. Haaland*, No. 23-cv-03050, 2024 WL 4240286, at *5 (D.D.C. Sept. 19, 2024) (dismissing claims where the allegations failed to "dispel the obvious alternative explanation that the agency hired someone whose qualifications it preferred"). With only conclusory allegations that the person hired was "either incompetent or less qualified for the job," and allegations that the replacement employee did not perform well or last long in the position, ECF No. 30 at 3, Royall's allegations do not allow the court to plausibly infer that the comparator was "similarly situated to him in relevant respects" so as to "plausibly infer that discrimination caused the defendant's differential treatment of the plaintiff." *Joyner*, 140 F.4th at 531, 533.

### III. Conclusion

For these reasons, Eckerd's motion to dismiss is granted and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   October 23, 2025

8